IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CONSTANCE A. BUTLER, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:24-cv-265–HEH
)
RICHMOND REDEVELOPMENT )
AND HOUSING AUTHORITY, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
**(Granting Plaintiff's Motion to Proceed *In Forma Pauperis*, Dismissing the Complaint, and Granting Leave to File an Amended Complaint)**

THIS MATTER is before the Court on *pro se* Plaintiff Constance A. Butler's ("Plaintiff") amended application to proceed *in forma pauperis* (ECF No. 3), filed on June 25, 2024. The Court concludes Plaintiff is unable to pay the Court's filing fees. Therefore, Plaintiff's application to proceed *in forma pauperis* will be granted and Plaintiff may proceed without paying the Court's filing fee. For the reasons set forth below, however, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court will dismiss without prejudice Plaintiff's Complaint pursuant to 28 U.S.C. § 1331.

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a

federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

The statute governing IFP filings provides that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) ("28 U.S.C.[] § 1915(e) . . . governs IFP filings . . . ."). Section 1915(e)(2) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *abrg'd on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Therefore, the Court must screen all IFP complaints to ensure judicial economy.

Plaintiff alleges that the Richmond Redevelopment and Housing Authority ("RRHA"), and the RRHA Chief Executive Officer ("CEO") Steven Nesmith ("Nesmith") (collectively, "Defendants"), failed to adequately rehouse her family despite "many maintenance violations" and a theft committed at her apartment. (Compl. at 4.) In January 2024, Plaintiff complained to the RRHA that a squirrel had been living in the apartment for "around a week." (*Id.*) However, the RRHA did not take action regarding

her compliant until a week later. (*Id.*) Plaintiff's bathroom sink was also rotted and improperly maintained, thus preventing her family from using it. (*Id.*) Defendants did not provide a new sink for months. (*Id.*) On January 31, 2024, a person with a firearm shot Plaintiff's Ring camera and then stole her son's dirt bike. (*Id.*) Plaintiff asked RRHA for "a transfer to safe and adequate housing", but this request was denied. (*Id.*) Plaintiff is requesting $1,000,000.00 in monetary damages. (*Id.*)

First, as in all cases, the Court must determine if it has subject matter jurisdiction to hear a complaint filed *in forma pauperis*. *See, e.g., Trazell v. Arlington Cnty.*, 811 F. App'x 857, 858 (4th Cir. 2020) (considering whether the court had jurisdiction to hear an *in forma pauperis* action). Subject matter jurisdiction pertains to the very power of the Court to hear a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Generally, subject matter jurisdiction exists where the well-pleaded complaint raises a federal question under 28 U.S.C. § 1331 *or* the parties meet the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332. "[P]laintiff bears the burden of establishing jurisdiction." *Trazell*, 811 F. App'x at 858.

While federal courts are courts of limited jurisdiction, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), Congress has statutorily provided them with the power to hear cases between diverse parties if two (2) requirements are met. *See* 28 U.S.C. § 1332(a). First, the opposing parties must be diverse, meaning that they must be citizens of different states. *Id.* Second, the amount-in-controversy must exceed $75,000. *Id.* Only if both requirements are met does the Court have diversity jurisdiction. Federal

courts may also hear federal questions: cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff alleges that a federal question is the basis of this Court's jurisdiction. (Compl. at 3.) However, Plaintiff fails to state any federal statute or law that provides the basis for jurisdiction. Instead, she only states "[f]ederal agency funded" as the basis for jurisdiction. (*Id.*) Because Plaintiff alleges no plausible basis for federal question jurisdiction, this Court is unable to find that it exists.

Plaintiff's only other avenue for jurisdiction is diversity jurisdiction. Here, the diversity-of-citizenship requirement is not met. Based on the details provided in Plaintiff's Complaint, Plaintiff is a citizen of Virginia and Defendant Nesmith is also a citizen of Virginia, which alone defeats diversity. (*Id.*) Moreover, RRHA is incorporated in Virginia and its principal place of business is in Virginia. (*Id.*) Because all parties are citizens of Virginia, diversity jurisdiction clearly does not exist here.

For these reasons, Plaintiff's Complaint (ECF No. 1-1) will be dismissed without prejudice. However, Plaintiff has filed a Motion to Amend (ECF No. 4), asking the Court to allow her to amend her Complaint. Thus, the Court will grant the Motion to Amend and will provide Plaintiff with an opportunity to amend her Complaint to cure its deficiencies. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 4, 2024
Richmond, Virginia